1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 12 | ANTHONY GUY, | ) Civil No.06CV0766-JM(LSP) |
| 13 | Plaintiff, | ) |
| 14 | v. | ) **ORDER GRANTING PLAINTIFF'S** *EX PARTE* **APPLICATION (DOC. 84)** |
| 15 | CITY OF SAN DIEGO, et al., | ) |
| 16 | Defendants. | ) |

17    Plaintiff requests an expedited briefing schedule and hearing date for an anticipated motion

18  relating to discovery.  An application for an order shortening time must be accompanied by a declaration

19  showing good cause.  The declaration by Mr. Shewry states the order is necessary to have the matter

20  decided in a timely matter in advance of the February 11, 2008 trial date.  Mr. Shewry further represents

21  Defendants do not object to the matter being heard on shortened time and the Court has not received any

22  opposition.  Accordingly, the Court has no objection to an expedited briefing schedule.

23    The anticipated motion is described as a "Motion to Re-Open Discovery" for the "limited

24  purpose of pursuing additional relevant documents."   At this juncture, it is not clear what relief Plaintiff

25  hopes to obtain by way of the motion.  Based on oral representations made by Mr. Shewry during

26  Discovery Conferences held on September 26 and November 9, 2007, it had been the Court's belief that

27  Plaintiff intended to move to compel compliance with previous discovery requests, however, the current

28  description seems as though the anticipated motion may be an effort to propound new discovery

1

requests. The Court makes no determination as to the viability of either motion at this time, but notes that either approach first requires leave from the motion filing deadline, which expired on April 13, 2007. In addition, the second scenario also requires leave from the March 16, 2007, deadline for completion of discovery. Plaintiff's *ex parte* application does not seek relief from either the discovery or motion deadlines. The Court comments on this point in order to thwart the possibility this order might be misconstrued as granting Plaintiff relief from the case management deadlines and to emphasis the point that Plaintiff's anticipated "Motion to Re-Open Discovery" will not be considered unless Plaintiff adequately demonstrates – by way of separate motion – good cause why relief should be afforded from all applicable case management deadlines.

In as much as the motion regarding the case management dates is a necessary precursor to the discovery motion described in Plaintiff's pending *ex parte* application, and in consideration of the timing issues raised by Plaintiff, the Court will not require a separate application for shortened time to file a motion for relief from the case management dates and, instead, construes the pending application as seeking shortened time for both motions.

Therefore, Plaintiff is permitted to file a motion seeking relief from the case management deadlines (motion cut-off and discovery cut-off, if appropriate), which shall clearly and succinctly set forth Plaintiff's legal and factual basis for seeking relief from these dates. This motion shall be filed concurrently with the discovery motion, which shall address with specificity the nature of the discovery issues and clearly state the nature of the relief sought by way of that motion, as well as Plaintiff's supporting legal and factual basis. Briefing for both motions shall take place on the same expedited schedule as set forth below:

| | |
|---|---|
| Plaintiff's Motion shall be filed and served by | December 5, 2007 |
| Opposition | December 12, 2007 |
| Reply | December 14, 2007 |

Oral argument will not be heard unless scheduled by the Court.

DATED: November 26, 2007

_____
Hon. Leo S. Papas
U.S. Magistrate Judge

2