1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 12 | ANTHONY GUY, ) | Civil No.06CV766-JM(LSP) |
| 13 | )<br>Plaintiff, ) | |
| 14 | v. ) )<br>) | ORDER GRANTING IN PART AND<br>DENYING IN PART PLAINTIFF'S |
| 15 | CITY OF SAN DIEGO, *et al.*, ) )<br>) | MOTION FOR RELIEF FROM CASE<br>MANAGEMENT DEADLINES AND |
| 16 | Defendants. )<br>_____ ) | DENYING PLAINTIFF'S MOTION TO<br>COMPEL (DOC. 88) |

17      Plaintiff Anthony Guy has moved the Court seeking 1) relief from the case management

18   deadlines for completion of discovery and filing motions and 2) an order compelling production of

19   documents requested from Defendants David Maley, Richard Garcia, and Kevin Friedman (collectively

20   referred to hereafter as the "Individual Defendants") in connection with their depositions.  The motion is

21   opposed by Defendant City of San Diego ("the City") and the Individual Defendants.  At the request of

22   Plaintiff, a hearing was held on January 3, 2008.   Appearances were made by Steven Shewry, Esq. and

23   Chris Saldana, Esq., on behalf of Plaintiff and Andrew Jones, Esq., on behalf of all Defendants.  After

24   due consideration of the parties' briefs and counsels' oral arguments, the Court grants in part and denies

25   in part Plaintiff's motion for relief from the case management deadlines, and denies Plaintiff's motion to

26   compel.

27   / /

28   / /

1

*FACTUAL BACKGROUND*

By way of his complaint, Plaintiff alleges that in January 2005, he witnessed three unidentified white males battering an unidentified African-American male.  *Complaint* (Doc. 1)  As Plaintiff attempted to come to the aid of the individual, Plaintiff was attacked from the rear and his shirt was pulled over his head.  Believing his assailant was associated with the three white males, Plaintiff attempted to defend himself until he heard his assailant identify himself as a police officer.  Thereafter, Plaintiff was immediately restrained, handcuffed, kicked, beaten, peppersprayed and arrested, resulting in physical and emotional injury.  The officers involved in the restraint and arrest were later identified as the Individual Defendants.

Plaintiff alleges the Individual Defendants used excessive and unreasonable force in making an unlawful arrest, in violation of his constitutional rights.  See 42 U.S.C. § 1983.  Plaintiff also seeks recompense from the City under a *Monell* theory of liability, alleging it failed to properly train and supervise the Individual Defendants.  Claims of this nature are often referred to as *Monell* claims, taking their name from the seminal case  *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978), in which the U.S. Supreme Court held that while a municipality cannot be held vicariously liable for the acts of its employees for civil rights violations, § 1983 liability may be imposed on a government or municipal entity that, under the color of some official policy, "causes" an employee to violate another's constitutional rights.

*PROCEDURAL BACKGROUND*

On April 5, 2006, Plaintiff's complaint was removed from Superior Court by the Office of the City Attorney, which represents all Defendants.  At that time, Don Shanahan, Esq. was the Deputy City Attorney assigned to the case.  In early March 2007, Mr. Shanahan was replaced by Deputy City Attorney Mark Edelman, who has since been replaced by Mr. Jones, who is also with the Office of the City Attorney.

Pursuant to FED. R. CIV. P. 16(b), on August 10, 2006, a scheduling order was issued setting case management dates including the deadline for completion of discovery (March 16, 2007), the deadline for filing motions (April 13, 2007), a pretrial conference (August 17, 2007), and the trial date (Septem-

2

ber 17, 2007).[1]  *Case Management Conference Order* (Doc. 9)  About seven months later, on March 5, 2007, Plaintiff noticed the depositions of the Individual Defendants and requested they each produce certain documents at the deposition.  *Declaration of Mr. Shewry*, Ex. A.  The depositions took place later that month, however, the individuals did not produce any documents at their deposition.  The individuals testified they were unable to produce the requested documents because they were in the custody of the City, and were not accessible to the Individual Defendants.  No documents were ever requested of the City although it appears some were voluntarily produced, presumably pursuant to Defendants' obligations under FED. R. CIV. P. 26 (a)(1).  See *Stipulated Protective Order B*, Ex. A. (Doc. 79)

### MOTION FOR RELIEF FROM CASE MANAGEMENT DEADLINES

Plaintiff now seeks relief from the case management deadlines to have the pending motions heard by the Court and to pursue additional discovery.   Plaintiff contends he should be afforded relief from the deadlines for completion of discovery and filing motions related to Plaintiff's claim against the City because his counsel was "stonewalled" by the City's prior counsel.  Relief from scheduling order dates requires a showing of good cause and leave of the Court.  FED. R. CIV. P. 16(b).

### A.    *Plaintiff Is Granted Limited Relief from the Motion Filing Deadline*

Plaintiff's allegation of stonewalling and the interests of open discovery warrant good cause to grant Plaintiff relief from the motion filing deadline, solely for purpose of allowing due consideration of the motions currently before the Court.  However, as set forth below, Plaintiff fails to show good cause to allow relief from the case management deadlines for any other purpose.

### B.    *Plaintiff Fails to Show Good Cause for Relief from the Discovery Deadline*

Plaintiff seeks to reopen discovery in order to serve written discovery requests on the City relating to his *Monell* claim against that defendant.[2]   He claims the two prior City attorneys effectively

---

[1]  The trial date as since twice been rescheduled, the first time over the objection of Plaintiff (Doc. 21), and the second time at the parties' agreement due to scheduling disruptions that occurred as a result of the wildfires in October 2007. (Doc. 82)

[2]  The proposed scope or nature of this additional discovery is not defined by Plaintiff in the motion papers, however, during oral argument Mr. Shewry indicated Plaintiff hopes to obtain access to files for City law enforcement officials assigned to the Beach Enforcement team that have been the subject of excessive force claims within the last three to five years.

stonewalled Plaintiff by leading Mr. Shewry to believe that all Defendants' documents would be produced on an informal basis. Mr. Shewry claims the prior City attorneys "both agreed that they would at initial disclosures, and later at deposition in response to requests for production, provide information and documents requested." *Declaration of Mr. Shewry*, para 4. Plaintiff claims Mr. Shewry relied on these representations and thus, forwent the opportunity to propound discovery requests to the City or file a discovery motion.

Mr. Shewry's conviction that he had an informal understanding with City counsel is not shared by Defendants, which deny the existence of such an agreement. Evidence to support Plaintiff's position is scant, at best. This deal was purportedly first struck with Mr. Shanahan, who represented Defendants for eleven months – from the time of their initial appearance until two weeks before the deadline for completion of discovery. Other than Mr. Shewry's declaration, Plaintiff offers no evidence of an agreement with Mr. Shanahan. Mr. Shewry indicates Mr. Shanahan agreed to informal document production at about the time the parties complied with FED. R. CIV. P. 26 (a)(1) initial disclosure requirements. *Declaration of Mr. Shewry*, para 4. The parties were ordered to make these disclosures by July 13, 2006. *Order Following Early Neutral Evaluation Conference and Setting Rule 26 Compliance* (Doc. 5). Nonetheless, Plaintiff doesn't appear to have made any effort to procure documents from Defendants until March 5, 2007, when Plaintiff's first notice for deposition of the Individual Defendants and the corresponding requests for documents was served. *Declaration of Mr. Shewry*, Ex. A. No documents requests were made to their employer, the City. Curiously, although Plaintiff argues he was diligent in attempting to obtain discovery from the City, he does not explain why counsel did not attempt to obtain documents from the City – either through informal or formal means – in the seven and half months that lapsed between the FED. R. CIV. P. 26 (a)(1) initial disclosures and Plaintiff's notice for the Individual Defendants' depositions.

Mr. Edelman assumed representation upon Mr. Shanahan's departure from the Office of the City Attorney and was counsel of record for three and a half months, from March 2 to June 29, 2007. It was during Mr. Edelman's tenure, which largely falls after the discovery deadline, that Plaintiff's counsel begins efforts to obtain documents from Defendants. Plaintiff claims Mr. Edelman also agreed to informal document production, however, there is little, if any, evidence of such an agreement with him.

Plaintiff refers to a nebulous statement made by Mr. Edelman during the deposition of Defendant Garcia, which took place on March 29, 2007 – thirteen days after the discovery cut off date, and a letter Mr. Shewry wrote to Mr. Edelman on April 9, 2007.[3]  Neither the statement nor Mr. Shewry's letter sufficiently define or corroborate the alleged agreement.  Furthermore, the letter, which claims to confirm an agreement by Mr. Edelman to produce documents for in camera review, is inconsistent with Plaintiff's current representation of the alleged agreement.  *Declaration of Mr. Shewry*, Ex. D.  The letter also threatens a motion to compel, which was never filed.

It is difficult to accept Plaintiff's stonewalling allegation, considering there is no evidence of any effort by Plaintiff to obtain documents from any defendant in a timely manner, either by informal or formal means.  When the March 16, 2007, deadline for completion of discovery was set, the parties were advised the deadline "means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the require-ments of FED. R. CIV. P. 26 and Local Rule 26.1(a)." *Case Management Conference Order*  (Doc. 9) One expects that if an agreement to produce documents had been reached in mid-2006, as Plaintiff alleges, at a minimum counsel would have followed up with a timely inquiry as to the status of document production and possibly a communication to the Court, when documents were not received.  However, there is no evidence of this, or any other attempt to obtain documents from Defendants until Plaintiff serves the first notice for deposition of the Individual Defendants and the corresponding

---

[3] During the deposition the following exchange took place between Mr. Shewry and Mr. Edelman:

MR. SHEWRY:          All right. *(sic)*  I'll just say for the record that I'm going to complete what I can of the deposition today, but I will reserve the right to bring you back when these documents – if and when they're produced.  The same is true for Officer Maley, which we'll get a letter about – I'm speaking now to your attorney,

MR. EDELMAN:          I think we already discussed that we would do that.

*Declaration of Mr. Shewry*, Ex. B, Transcript of deposition of Defendant Garcia, p. 19, line 21 – p. 20, line 4.

1  requests for documents,  only eleven days before the deadline for completion of discovery.  Even at this
2  point, no documents requests were made to their employer, the City.

3        Nonetheless, despite the fact there is negligible evidence to support the stonewalling claim, the
4  Court has previously allowed Plaintiff considerable concession on this issue.  When Mr. Shewry first
5  raised the claim the Court conducted a series of status conferences to address these concerns and to
6  evaluate whether Plaintiff received all documents for which he had propounded legitimate discovery
7  requests or for which the City had voluntarily agreed to production.  The arguments Plaintiff made then
8  mirror those made now.  The Court held conferences on September 25, 2007, October 1, 2007, and
9  November 9, 2007, the sole purpose of which were to address this issue.  During the hearings, and over
10  Defendants' strident objections, the Court determined that relevant non-privileged documents related to
11  the Individual Defendants and in the City's possession would be produced, even though they were not
12  timely or appropriately requested and despite the scant evidence of the City's willingness to voluntarily
13  produce them.  Furthermore, although documents had never actually been requested from the City
14  relating to the *Monell* claim and there was negligible evidence that prior counsel had agreed to
15  informally produce these documents, the Court also afforded Plaintiff the benefit of the doubt as to these
16  documents.  Because documents were only requested of the Individual Defendants, and not the City, and
17  because the alleged agreement for informal production was not clearly defined, the Court solicited
18  counsels' guidance in determining the appropriate scope of document production.  *Minute Orders*
19  entered September 26, and October 1, 2007 (Doc. 32 & 34).   Both parties submitted multiple letter
20  briefs on this issue and the "universe" of documents to be produced by the City was defined.  *Id*.   The
21  City was ordered to produce all non-privileged 1) documents relating or referring to excessive force,
22  unlawful arrest, or unlawful detention, by the Individual Defendants; 2) documents relating to City
23  policies and procedures regarding detentions, arrests and use of force; and 3) documents relating to
24  training with respect to detentions, arrest and use of force.  *Minute Order* entered October 1, 2007 (Doc.
25  34).  Responsive documents for which a privilege was asserted were identified by the City on a detailed
26  privilege log and were subject to *in camera* review.  *Minutes Orders* entered November 1 and November
27  9, 2007 (Doc. 81 & 83).   As a result of this process, numerous documents were produced to Plaintiff
28  despite the fact they had not previously been requested.

The pending motion does not offer any additional basis for reopening discovery beyond what was considered by the Court during this process.  Plaintiff does not provide any new information that was not considered at that time.  As such, the Court is satisfied the prior inquiry and resulting document production, sufficiently yielded relevant non-privileged documents that might have been produced if Plaintiff had conducted legitimate discovery or if the City had voluntarily produced documents pursuant to the alleged agreement.

Plaintiff now claims that as a result of this process, his counsel "first became aware of the breadth of documents available to support Plaintiff's *Monell* claim."  Although these documents are not identified in the motion, during oral argument Mr. Shewry indicated Plaintiff hopes to obtain access to files for City law enforcement officials assigned to the Beach Enforcement team that have been the subject of excessive force claims within the last three to five years.  Plaintiff's request to review these documents was considered and denied during the earlier process because Plaintiff had never made a legitimate request for this information and there is no indication these documents were part of any agreement for informal production.

Furthermore, this is not a basis to reopen discovery.  "All counsel and parties, if they are proceeding pro se, shall proceed with diligence to take all steps necessary to bring an action to readiness for trial."  CivLR 16.1.b.  The parties were free to conduct discovery for an eight and a half month period, and had an obligation to do so.  Plaintiff chose not to do so.  The parties are now on the eve of trial.  Motions in limine have been briefed and are set for hearing on January 25, 2008, and trial is set for February 11, 2008.  Reopening discovery at this late date would undoubtably delay the trial, which has already been reset twice.   There is no basis to delay the case further to allow Plaintiff to conduct discovery that could and should have been completed nearly a year ago.

### *MOTION TO COMPEL*

Plaintiff alternatively seeks to compel Defendants to produce documents responsive to the Individual Defendants' deposition notice and accompanying request for documents.  Plaintiffs claim they have only received some of the requested documents and, therefore, request all remaining documents be produced.  As noted earlier, the document requests were directed only to the Individual Defendants, and not the City.  During their depositions, Mr. Shewry questioned Defendants Garcia and

1   Friedman about the location of the requested documents and was informed all requested documents

2   were in the possession of the City, not the individual defendants.    During the deposition of Defendant

3   Garcia the following exchange took place:

4       MR. SHEWRY:    I'm going to mark as Exhibit 1 the notice of your deposition to-
        day.... I want you to turn to page 3 of the notice.  You'll see there's
5       a list of documents there.  It starts a list, anyway, that ends on page
        4.  Have you ever seen this document request before today?
6       ...

7       MR. GARCIA:    Well, I was given this actual form last week.

8       Q:    Okay.  So did you take any time to look for any of these docu-
        ments?
9
        A.    Well, if you're referring to 1, that's my report.  Personnel file, I
10      don't have access to my Internal Affairs file.  You have to request
        those.  I don't believe I could just go down there and get those.
11      That's something you would have to do.

12      Q:    So you have none of the items requested in item 2; is that correct?

13      A:    Correct.

14      Q:    You have none of the documents requested in item 3, either; is that
        right?
15
        A:    Correct.
16
        Q:    How about item 4?
17
        A:    Correct.
18

19  *Declaration of Mr. Shewry*, Ex. B, Transcript of deposition of Defendant Garcia, p. 18, line 18 – p. 19,

20  line 20.  Upon similar questioning to Defendant Friedman, Mr. Shewry was again told the documents

21  requested from this defendant were in the exclusive possession of the City, not the individual.

22  Apparently Defendant Maley was not questioned about the document request during his deposition,

23  however, as the document requests to each Individual Defendant are identical, there is no reason to think

24  he would have any better access to City documents than his fellow law enforcement officers.

25         Given the fact there is uncontroverted sworn testimony from the Individual Defendants stating

26  they do not have access to the requested documents, there is no basis upon which to compel them to

27  comply with the request for documents that was served in connection with the notice for their deposi-

28  tions.

8

1    As for the City, because the documents were never requested of it, there is no basis to compel its

2    compliance with Plaintiff's document request because the documents were only requested from the

3    individuals and not the City.  As a practical matter, the process employed by the Court resulted in the

4    production of all relevant non-privileged documents requested of the Individual Defendants.  The City

5    was permitted to withhold only documents or portions thereof that were subject to a viable privilege

6    claim.  Plaintiff now argues the City waived any privileges for these documents by failing to timely

7    assert its privilege claim when the documents were requested by Plaintiff.  As such, Plaintiff seeks to

8    obtain the privileged information that was withheld.  Once again, the document requests were made to

9    the Individual Defendants, not the City.  Although a party's failure to timely assert a privilege claim can

10   serve to waive its privilege, the Court is not aware of any requirement that a party assert privileges for

11   documents that were not requested of it.  Because Plaintiff never requested documents of the City, the

12   City was not obligated to assert applicable privileges.  The City's duty to timely assert applicable

13   privileges did not arise until the City was ordered by the Court to produce the documents.  At that time,

14   the City prepared a detailed privilege log, and thus, applicable privileges were timely asserted.

### CONCLUSION

16   Based on the foregoing, the Court finds Plaintiff states good cause for relief from the case

17   management deadlines solely for the purpose of the filing and hearing of these motions.  However, good

18   cause is not established to warrant relief from the deadlines for any other purposes, including specifi-

19   cally, for the purpose of reopening discovery.  As such, Plaintiff's motion for relief from case manage-

20   ment deadlines is GRANTED in part and DENIED in part.  Plaintiff's motion to compel is also

21   DENIED.

22   DATED:  January 8, 2008

_____
Hon. Leo S. Papas
U.S. Magistrate Judge