# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GUY,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>CITY OF SAN DIEGO; et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 06cv0766 JM(LSP)<br><br>ORDER DENYING MOTION FOR NEW TRIAL; DENYING MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS |

Plaintiff Anthony Guy moves for a new trial regarding damages and for an award of attorney's fees and non-taxable costs. Defendants City of San Diego, Richard W. Garcia, David Maley, and Kevin Friedman oppose the motions. For the reasons set forth below, both motions are denied.

## BRIEF BACKGROUND

On February 19, 2008 an eight person jury returned a verdict acquitting all Defendants except defendant Officer David Maley, finding that he alone violated Plaintiff's Fourth Amendment right to be free from excessive force. The jury also found that Defendant Maley's conduct caused Plaintiff injury, damage, loss or harm. The jury originally determined that Plaintiff was entitled to zero dollars as a result of the injuries. Following the court's supplemental jury instruction concerning nominal or minimal damages, the jury returned a supplemental special verdict awarding Plaintiff one dollar in nominal damages.

Plaintiff now moves to set aside the jury's determination on damages and requests a new trial on damages. Plaintiff also requests an award of attorney's fees and non-taxable costs in the amount of $195,580.00 and $24,159.01, respectively. Defendants oppose both motions.

## DISCUSSION

Plaintiff moves for a new trial on damages pursuant to Federal Rule of Civil procedure Rule 59 which provides, in relevant part:

(a) In General.

> (1) Grounds for New Trial. The court may, on motion grant a new trial on all or some of the issues - and to any party -as follows;
>
> > (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.

A trial court may grant a new trial, even though the verdict is supported by substantial evidence, if "the verdict is contrary to the clear weight of evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." Roy v. Volkswagen of America, Inc., 896 F.2d 1174, 1176 (9th Cir. 1990) (citations omitted), cert. denied, 500 U.S. 928 (1991). "The court is not justified in granting a new trial merely because it might have come to a different result from that reached by the jury." Id. (citations omitted). "[T]he hurdle that a motion for . . . a new trial must clear to be successful is a very high one." Bulgo v. Munoz, 853 F.2d 710, 717 (9th Cir. 1988).

Plaintiff raises two main arguments in support of his motion for new trial. First, Plaintiff argues that the nominal damage award is inconsistent with the jury's finding of liability and, alternatively, the weight of the evidence does not support the jury's nominal damage award. These arguments are not persuasive because the jury verdict is not contrary to the clear weight of the evidence. There is nothing inherently or factually inconsistent with a finding of liability accompanied by an award of nominal damages. Rather, such nominal damage awards are not uncommon in civil rights cases. For example, in Farrar v. Hobby, 506 U.S. 103 (1992) the Supreme Court affirmed the

reversal of an award of attorney's fees in a civil rights case where, after ten years of litigation, the plaintiffs recovered only nominal damages.  See Benton v. Oregon Student Assistance Com'n, 421 F.3d 901 (9th Cir. 2005) (affirming nominal award of $1 in civil rights action and reversing award of attorney's fees); Soffer v. City of Costa Mesa, 798 F.2d 361, 363 (9th Cir. 1986) (in civil rights case, noting that "[n]ominal damages were appropriate and not an abuse of discretion").

The court also concludes that sufficient evidence supports the jury's award of nominal damages.  As noted by Defendants, during trial Plaintiff argued that he was severely battered and bruised as a result of excessive force used by the officers. However, there was substantial evidence that showed Plaintiff was involved in a separate altercation with a third party, then resisted arrest during his first contact with officers in the street, and then again at the second contact near the patrol car.  Moreover, evidence established that it took three officers to control Plaintiff, all ample explanations for the cuts and bruises he sustained during his resistence of the officers. (Oppo. at p. 3:13-16).  Defendants also identify that the jury could have determined that the excessive force related to the use of pepper spray and that the jury could have concluded that Plaintiff suffered only nominal injury due to this conduct.  Similarly, the jury could have concluded that Plaintiff was physically injured at the time he resisted arrest and that the officers exercised the use of reasonable force during this period of time.  For example, there was evidence that Plaintiff tried to head butt Defendant Maley when he was in the process of patting him down before placing him in the patrol car.  When Officers Garcia and Friedman observed Plaintiff's resistence they came to Officer Maley's assistance.  The jury could have reasonably concluded that the physical injuries suffered by Plaintiff were the result of the lawful use of force at that point in time.  Indeed, the only force which all parties agreed was excessive consisted of officer Maley "throwing" Plaintiff to the ground when there existed an obvious need to subdue Plaintiff.  However, there was no substantial evidence that Plaintiff suffered any of his injuries when "thrown" to the ground by the officer.  Accordingly, based upon the clear

weight of the evidence, the court concludes that the jury verdict is not susceptible to a Rule 59 attack.

Second, Plaintiff contends that the supplemental special verdict form "was improper because it limited the Jury's reconsideration" of damages. In pertinent part, the supplemental verdict form stated "What amount of nominal damages do you award . . . ?" (Motion at p.4:8). The court concludes that Plaintiff has waived any objection to this jury instruction. "A party must object to the form of special interrogatories in the trial court in order to preserve the issue." Saman v. Robbins, 173 F.3d 1150, 1155 (9th Cir. 1999). Here, Plaintiff agreed to the special verdict form at the time of trial and cannot now attack that verdict form. Furthermore, the principle for allowing a jury to award nominal damages in a civil rights case is a function of the jury finding no compensable damages have been sustained as a result of a constitutional violation. See 9th Cir. Civ. Jury Instr. 5.6 and comment (2007).

Finally, Plaintiff argues that he never agreed to dismiss the City of San Diego as a party to this action. Plaintiff represents that counsel "has no recollection and finds no record of that stipulation of dismissal." (Motion at p.6:15-16). Defendants correctly represent that City of San Diego was dismissed following a stipulation that the individual defendants were acting within the scope of their employment and, therefore, the City of San Diego would be liable to pay for any judgment awarded against the individual officers, notwithstanding Plaintiff's election not to proceed with a Monell claim. (Oppo. at p.4:18-21). Moreover, given that the motion for new trial is denied, this question is moot.

In sum, the motion for new trial on damages is denied.

**Motion for an Award of Attorney's Fees**

Plaintiff seeks an award of $195,580 in attorney's fees and an award of non-taxable costs in the amount of $24,159.01, for a total award of $219,739.01. Defendants oppose any award of attorney's fees or non-taxable costs.

The court has discretion to award attorney's fees and costs to a prevailing civil

1  rights plaintiff. 42 U.S.C. §1988. Although a nominal award of $1 entitles one to be
2  considered the "prevailing party," such an award may be a technical victory and so
3  insignificant as to be insufficient to support an award of attorney's fees under 42 U.S.C.
4  §1988. Moreover, "'the moral satisfaction [that] results from any favorable statement
5  of law' cannot bestow prevailing party status" for the purpose of an award of attorney's
6  fees. See Farrar, 506 U.S. at 112 (quoting Hewitt v. Helms, 482 U.S. 755, 762 (1987).
7  "When the plaintiff's success is purely technical or de minimis, no fees can be awarded
8  [under §1988]. Such a plaintiff either has failed to achieve victory at all, or has obtained
9  only a Pyrrhic victory for which the reasonable fee is zero." Id. at 117 (O'Connor, J.,
10 concurring). In Farrar, the Supreme Court affirmed the denial of attorney's fees to civil
11 rights plaintiffs who recovered nominal damages of $1 on a claim for $17 million.
12 Although at oral argument Plaintiff attempted to distinguish Farrar on the basis of it
13 involving a right (loss of a license to operate a school) of asserted lesser import than a
14 Fourth Amendment violation, a careful reading of Farrar discloses that the
15 constitutional violation there resulted in the illegal closure of school which affected
16 many people.

17     In light of a nominal award, a civil rights prevailing party must show, for
18 example, that the "lawsuit achieved other tangible results - such as sparking a change
19 in policy or establishing a finding of fact with potential collateral estoppel effects - such
20 results will, in combination with an enforceable judgment for a nominal sum, support
21 an award of fees." Benton, 421 at 905 (quoting Wilcox v. City of Reno, 42 F.3d 550,
22 555 (9th Cir. 1994)). In Benton, a civil rights Plaintiff obtained a nominal award and the
23 district court awarded fees concluding that 1) the public at large would benefit from
24 plaintiff's success in finding that the state official was biased toward educators who
25 graduated from certain educational institutions and (2) plaintiff "has a judgment to point
26 to in support of the trustworthiness of her education and her credentials." Id. at 908.
27 In reversing the district court's fee award, the Ninth Circuit rejected the district court's
28 proffered reasons noting that a finding that the plaintiff's rights were violated does not

support a fee award and the judgment simply provides that plaintiff prevailed in her civil rights action, not that her credentials are trustworthy. Id. at 908.

Here, Plaintiff contends that he also achieved twin goals of showing that Defendant Maley violated the Fourth Amendment when he used excessive force to arrest him and that the jury's verdict "effectively placed the San Diego Police Department on notice that its investigation was inadequate and that it must keep a watchful eye on Officer Maley." The court concludes that these reasons do not justify an award of fees. These reasons fail to establish that Plaintiff "accomplished some public goal." Farrar, 506 U.S. at 121-22. The fact that Plaintiff prevailed on his excessive force claim demonstrates only that Officer Maley at some point during his protracted contact with Plaintiff used excessive force in violation of the Fourth Amendment. Plaintiff sought compensatory damages of about $125,000 and received only $1. This result does not necessarily support Plaintiff's argument that the San Diego Police Department will keep a "watchful eye" on Officer Maley. To the contrary, a larger award would more likely have subjected Officer Maley to greater administrative scrutiny that a nominal award. Moreover, Plaintiff's argument does not take into account that he did not prevail on his claims against the other individual officers he pursued as defendants. Clearly, with respect to the claims against these individual officers, Plaintiff was not a prevailing party.

This court is not unmindful of the conviction, vigor, and good faith with which Plaintiff's counsel prosecuted this action. These qualities were apparent at all stages of the litigation and should be recognized by this court. The jury's result in this case, however, reflected, in the court's view, not merely the recognition that at some point excessive force was used by Officer Maley, but that the Plaintiff himself forcibly created the circumstances by which force became necessary. Plaintiff's attack of a third party in defense of another individual escalated into a scenario where even the remonstrations of Plaintiff's friend had no mollifying effect upon Plaintiff. A careful calibration of force to subdue Plaintiff became a challenge for the officers. This

1  calibration resulted in a continuum of force, mostly reasonable, and, at some point,
2  unreasonable on the part of Officer Maley. Given all these circumstances, the verdict
3  of the jury was clearly supported by the evidence.
4       In sum, the court denies the motion for new trial and denies Plaintiff's motion for
5  an award of attorney's fees and non-taxable costs.
6  **IT IS SO ORDERED.**
7  DATED: May 12, 2008

                                            Hon. Jeffrey T. Miller
                                            United States District Judge