1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9             **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   ANTHONY GUY,                               CASE NO. 06cv0766 JM(LSP)

12                            Plaintiff,        ORDER GRANTING AWARD OF
                                                ATTORNEY'S FEES AND NON-
            vs.                                 TAXABLE COSTS
13
     CITY OF SAN DIEGO; et al.,
14
                             Defendants.
15

16          Following remand from the Ninth Circuit, Plaintiff Anthony Guy moves for an award of

17   attorney's fees and non-taxable costs.  Defendants City of San Diego, Richard W. Garcia, David

18   Maley, and Kevin Friedman partially oppose the motion.  For the reasons set forth below, the court

19   grants an award of attorney's fees and non-taxable costs in the amount of $39,990.

20                            **BRIEF BACKGROUND**

21          On February 19, 2008 an eight-person jury returned a verdict acquitting all Defendants except

22   defendant Officer David Maley, finding that he alone violated Plaintiff's Fourth Amendment right to

23   be free from excessive force.  The jury also found that Defendant Maley's conduct caused Plaintiff

24   injury, damage, loss or harm.  The jury originally determined that Plaintiff was entitled to zero dollars

25   as a result of the injuries.  Following the court's supplemental jury instruction concerning nominal or

26   minimal damages, the jury returned a supplemental special verdict awarding Plaintiff one dollar in

27   nominal damages.

28          On May 12, 2008, the court denied Plaintiff's motion for new trial and denied Plaintiff's

request for an award of attorney's fees and non-taxable costs in the amount of $195,580.00 and $24,159.01, respectively.  (Ct. Dkt 132).  Plaintiff appealed.  The Ninth Circuit affirmed this court's denial of the motion for new trial but reversed the court's denial of an award of attorney's fees.  In pertinent part, the Ninth Circuit held:

> It is a close question, but we conclude that the district court abused its discretion in completely rejecting Guy's request for attorney's fees. The jury verdict that some of Maley's force was excessive offers clear and important guidance to the police department, which is a sufficiently tangible result. See Morales, 96 F.3d at 363-64. The SDPD now knows, if it did not know before when it conducted its internal review, that even if Maley's force was initially justified, if it went too far, i.e., if he harmed Guy unnecessarily or gratuitously after Guy had been subdued, then a jury may determine that force was excessive.
>
> We are therefore not prepared to say that the jury verdict produced no tangible results. It is logical to expect, in the face of this jury verdict, that the police department would take a closer look at the level of force used by its police officers after they have subdued a suspect. Such a result, under the circumstances of this case, would justify some amount of costs and attorney fees. Of course, in determining the amount of such an award, the trial court may consider, among other things, Guy's limited success in obtaining only nominal monetary damages. See Farrar, 506 U.S. at 115, 113 S.Ct. 566.
>
> We remand to the district court for a determination of the amount of costs and attorney's fees to be awarded. Pursuant to Federal Rule of Appellate Procedure 39(a) and Ninth Circuit General Order 4.5(e), each party shall bear its own costs on appeal.

Guy v. City of San Diego, 608 F.3d 582, 590 (9th Cir. 2010).

Plaintiff now moves for an award of attorney's fees and non-taxable costs in the amount of $518,770 and $34,313.54, respectively.  Defendants oppose the motion in part, arguing that a fee award between $25,000 and $50,000 is reasonable and that costs should not exceed $6,000.

## DISCUSSION

At the outset, the court notes that there are no hard and fast formulas for determining the precise amount of any reasonable attorney fee award.  Rather, in broad brush, the count considers the reasonableness of the fee award in light of the extent of success at trial.  In awarding attorney fees and costs, this court is guided by those factors ordinarily considered in awarding attorney's fees under 42 U.S.C. §1988(b): the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of the case, the customary fee, the contingent or fixed nature of the fee, the time limitations imposed by the client or the case, the amount involved and the results obtained, the experience, reputation and ability of the attorney, the undesirability of the case, the nature of the professional relationship with

1   the client, and awards in similar cases.  <u>Southeast Legal Defense Group v. Admas</u>, 657 F.2d 1118 (9th

2   Cir. 1981); <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th cir. 1974).

3        In the case of a nominal jury award where fees are awarded pursuant to 42 U.S.C. §1983(b),

4   the court also considers (1) the degree of success obtained; (2) significance of the legal issue on which

5   the plaintiff claims to have prevailed; and (3) whether the award promotes some bona fide public goal.

6   <u>Guy</u>, 608 F.3d at 590. (2010);  <u>Farrar v. Hobby</u>, 506 U.S. 103 (1992).  In <u>Farrar</u>, the Supreme Court

7   held that "the most critical factor in determining the reasonableness of a fee award is the degree of

8   success obtained."  <u>Id.</u> at 114.  In making this determination the court must "give primary

9   consideration to the amount of damages awarded as compared to the amount sought."  <u>Id.</u>

10       <u>The Arguments of the Parties</u>

11       Plaintiff's argument is simply summarized: he is entitled to the entirety of his attorney's fees

12  and costs both at trial and on appeal because he is the prevailing party at trial and obtained a tangible

13  result, as identified by the Ninth Circuit.  Plaintiff applies the lodestar method and concludes that he

14  is entitled to a total award of fees and costs in the amount of $553,083.

15       Defendant argues that (1) this court lacks jurisdiction to award fees or costs on appeal because

16  Plaintiff to comply with Circuit Rule 39-1 by submitting a timely cost bill to the Ninth Circuit and (2)

17  there is no justification for Plaintiff's increase in the request for compensable attorney fees at trial

18  from $195,580.00 to $395,500.  Defendant argues that the increase in requested attorney's fees from

19  trial is the result of a requested hourly rate increase for Mr. Saldana from $125 to $250 and for Mr.

20  Shewry and his partner from $325 to $450.  Defendant suggests that an award of $25,000 to $50,000

21  is appropriate.

22       <u>Analysis</u>

23       As instructed by the Supreme Court, in nominal award civil rights cases, the most important

24  factor is the amount of damages awarded compared to the amount sought.  <u>Farrar</u>, 506 U.S. at 114.

25  At the time of trial, Plaintiff submitted medical specials in the amount of $3,075 and requested

26  compensatory damages in the amount of $100,000.  The jury originally awarded no damages but,

27  following a supplemental jury instruction, awarded Plaintiff total compensatory damages in the

28  amount of $1.  In other words, Plaintiff recovered just .001% of the amount requested.

1       The jury's award also had a tangible effect on the City of San Diego.  The award placed the

2   City of San Diego on notice that "the police department would take a closer look at the level of force

3   used by its police officers after they have subdued a suspect." Guy 608 F.3d at 590.  The value of this

4   "public good" is difficult to determine, particularly in light of the underlying evidence.  The record

5   demonstrates that Plaintiff, after a night of drinking at a bar "in an area of San Diego known generally

6   for the rowdy behavior of its patrons," (Motion at p.9:9-10), exited the bar and observed an altercation

7   in progress.  Plaintiff immediately injected himself into the altercation which led to the application

8   of force that the jury ultimately determined to be, in part, excessive.  No party provides the court with

9   any guidance with respect to the value of the public good created by giving notice to the City of San

10  Diego that excessive force was applied by Officer Maley.  There is no evidence that such notice -

11  under the particular circumstances of this case - resulted in additional or modified training of Police

12  Officers by the City of San Diego or the implementation of any other procedure targeted to limit the

13  use of excessive force by police officers.  Notwithstanding, the jury finding did provide a tangible

14  result as identified by the Ninth Circuit.

15      The methodology adopted by this court in awarding attorney's fees is to assess all relevant

16  considerations, as instructed by Farrar and Southwest Legal Defense Group, including the overall

17  success of Plaintiff's claims.  Viewed in this light, the court concludes that an award of approximately

18  10% of the reasonable attorney's fees and non-taxable costs requested appears reasonable and

19  supportable considering the extent of success on the merits (Plaintiff alleged numerous causes of

20  action against multiple Defendants but only prevailed on one claim against one Defendant in the

21  amount of $1),  the time and labor expended in prosecuting this action, the difficulty of the legal and

22  factual issues presented, the legal skills required to obtain such jury award, the potential inability of

23  Plaintiff's counsel to prosecute or defend other cases, the public good flowing from Plaintiff's

24  successful prosecution of this case, and the desireablity of the present case.[1]

25

26      [1] From a judicial perspective, although this action involved multiple claims and defendants,
    it was a rather straightforward §1983 excessive force case arising from a fight outside a bar at closing
27  time.  Neither the facts nor the law involved complexity, novelty, or difficulty at any stage of the
    proceedings.  Moreover, although counsel for Plaintiff litigated this action with vigor and commitment
28  this was not the type of case which precludes the undertaking of other cases or causes.  Finally, the
    court is well aware that not all civil litigators are well-versed in federal civil rights work and that trial
    attorneys who are, such as attorney Shewry, must successfully navigate the rocks and shoals at the

The next issue concerns the calculation of the lodestar amount.  The court finds Plaintiff's request for $250 per hour for Mr. Saldana at a time when he was not a licensed attorney in California (until May 2010), to be unreasonable.   (Limandri Decl.) The court finds an award of $125 per hour, as originally requested, to be reasonable under the circumstances.  The court finds reasonable the hourly rates requested on appeal after he was admitted to the State Bar of California.  The court also finds that the hourly rate for Mr. Shewry and Ms. Van Dyke for trial work at $325 per hour, as previously requested, to be reasonable, and for appellate work at $450 per hour, as requested.

Accepting the hours requested by Plaintiff's counsel as reasonable for all trial and appellate work, the court reduces the amount requested for Mr. Saldana by $75,700 (605.6 hours @ $125/ hour), (Shewry Decl. Exh. A at p.93), for trial work, and by $29,412 (235.3 hours @ $125/hour), for work on the appeal before he was admitted to practice law in California. The court also reduces the amount requested for Mr. Shewry and Ms. Van Dyke for trial work by $67,250 (538 hours @ $125/hour).

An award of 10% appears to be a reasonable and proportional figure when viewed against the backdrop of the entire case consisting of the number of claims and defendants as well as damages obtained.  The jury found that the degree of force employed by one defendant at one point in time along the entire continuum of time during which Plaintiff interacted with multiple officials exceeded what was reasonable under the circumstances.  And, the jury awarded only $1 as nominal damages for that breach.  It is this limited result, serving as a reminder to the San Diego Police Department that even after lawful and reasonable force has been used to subdue a combative person, additional force may be deemed excessive under certain circumstances, that must be valued.  Given the entire scope of the case as it was prosecuted at trial, the results reflected in the jury verdict, and the unassailable proposition that the nominal award should only be construed as confirmation of a long- established constitutional proscription against excessive police force, 10 % of the totality of the very substantial fees sought hits the mark.

In sum, the court recognizes threshold attorney's fees for trial and appellate work in the amount of $334,277 and trial non-taxable costs of $15,524.49 (this amount reflects payment received

---

confluence of constitutional law, criminal law, and civil damage entitlement.  Certainly, vindication of a constitutional right, though in name only when conferred in the form of a nominal damage award, draws upon the experience of such counsel and promotes a public good of the type identified in Guy.

for taxable costs of $9,308.35) for a total of $349,801.49.[2]  Upon consideration of the factors identified in Farrar and Southeast Legal Defense Group, the court awards 10% of these fees and costs in the amount of $34,980.

In addition, Plaintiff is entitled to recover his costs and fees for filing the present motion for attorney's fees.  For bringing this motion, Plaintiff requests fees and costs of $12,520.47.  (Reply at p.11:1-4).  This fee request is not reasonable considering the difficulty of the legal and factual issues presented, the legal skills required to obtain attorney's fees, and the relatively straightforward nature of a motion for attorney's fees.  While there is no breakdown of the hours requested for this total amount, the court finds reasonable 12 hours for this task.  Accordingly, the court awards $4,900 for this task (Mr. Saldana 10 hours @ $350/hour; Mr. Shewry 2 hours @ $450/hour; and costs $500).

In sum, the court awards total attorney's fees and costs in the amount of $39,990.

**IT IS SO ORDERED.**

DATED:  April 19, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties

---

[2] The following is a breakdown of compensable hours: Mr. Saldana, 840.9 hours @ $125/hour and 51.3 hours @ $350/hour; and Mr. Shewry and Ms. Van Dyke, 538 hours @ $325/hour and 80.8 hours @ $450 per/hour.  As the Ninth Circuit ruled that "each party is to bear their own costs on appeal," this court does not award any costs on appeal.  The court also rejects Defendant's argument that Plaintiff is not entitled to recover reasonable attorney fees on appeal.